[No. B114210. Second Dist., Div. Five. Feb. 13, 1998.]

KENNETH N. EDWARDS, as Cotrustee, etc., Plaintiff and Respondent, v. EDWARD D. EDWARDS, as Cotrustee, etc., et al., Defendants and Appellants.

600

**COUNSEL**

Brobeck, Phleger & Harrison, Gregg A. Farley, Christopher Menjou, Boner & Stern and Richard Stern for Defendants and Appellants.

Dewey Ballantine, Jeffrey R. Witham, John P. Flynn, Matthew M. Walsh and Craig A. Kurland for Plaintiff and Respondent.

**OPINION**

## TURNER, P. J.—

### I. INTRODUCTION

Three brothers—Edward D. Edwards, James R. Edwards (objectors) and Kenneth N. Edwards (petitioner)—are cotrustees of an inter vivos trust (the Arthur C. Edwards Settlement Trust) created by their now deceased father. Shares of common stock of two corporations wholly owned by the Edwards family (the three brothers and their mother, Ann Vera Goss) make up the trust corpus. The two corporations are Dunn-Edwards Corporation, and Highland Properties, Inc. The question presented is whether the cotrustees' power to vote the shares of stock held in trust is governed by Probate Code section 15620 or Corporations Code section 704. Section 15620 states the general rule that cotrustees may exercise their powers by unanimous action only. Section 704 governs the voting of shares standing in the name of two or more fiduciaries or where two or more persons have the same fiduciary relationship respecting the same shares. Under section 704, the act of the majority of the cotrustees would be binding. The objectors appeal from an order instructing the cotrustees that section 15620 controls. In this very, very close case, we conclude the more specific statute, section 704, controls over the general rule stated in section 15620. Accordingly, we reverse the order.

### II. DISCUSSION

The trust instrument is silent as to the manner in which the cotrustees are to exercise their power to vote the shares of stock held in trust.[1] The trust agreement provides in relevant part: "In order to carry out the Trust's express purposes and to aid in the Trust's execution, administration, management, and disposition, the Trustee is vested with the following powers and discretion in addition to those powers now or hereafter conferred by law: . . . To have respecting securities all the rights, powers, and privileges of an owner, including without limitation the power to vote . . . ."

---

[1] The deceased father of the petitioner and the objectors, Arthur C. Edwards, was the original trustee (as well as the trustor) of the Arthur C. Edwards Settlement Trust. The trust agreement named two individuals, William O. Ehmig and Vern Huck, as successor cotrustees. Arthur C. Edwards amended the successor trustee provision of the trust instrument three times. The declaration of trust was amended in May 1982 to name Vern Huck and Patrick Groom as successor cotrustees. A second amendment was executed in May 1983 naming Vern Huck and Allin C. Bears as successor cotrustees. The third amendment was executed in May 1984 and took effect upon Arthur C. Edwards's death. It named the trustor's three sons, Edward D. Edwards, James R. Edwards (objectors) and Kenneth N. Edwards (petitioner), and their mother, Ann Vera Goss, as the successor cotrustees. Apparently, Ann Vera Goss has declined to act as a trustee.

Probate Code section 15620 is a provision of the trust law. It states: "Unless otherwise provided in the trust instrument, a power vested in two or more trustees may only be exercised by their unanimous action." (*Ibid.*) Corporations Code section 704 is a part of the general corporation law. It provides: "If shares stand of record in the names of two or more persons, whether *fiduciaries*, members of a partnership, joint tenants, tenants in common, husband and wife as community property, tenants by the entirety, voting trustees, persons entitled to vote under a shareholder voting agreement or otherwise, *or if two or more persons* (including proxyholders) *have the same fiduciary relationship respecting the same shares,* unless the secretary of the corporation is given written notice to the contrary and is furnished with a copy of the instrument or order appointing them or creating the relationship wherein it is so provided, their acts with respect to voting shall have the following effect: [¶] (1) If only one votes, such act binds all; [¶] (2) If more than one vote, the act of the majority so voting binds all; [¶] (3) If more than one vote, but the vote is evenly split on any particular matter, each faction may vote the securities in question proportionately. [¶] If the instrument so filed or the registration of the shares shows that any such tenancy is held in unequal interests, a majority or even split for the purpose of this section shall be a majority or even split in interest." (*Ibid.*, italics added.) Both sections 15620 (in the form of a predecessor statute) and 704 were the law of this state when the trust instrument was executed, in 1981, and amended (see fn. 1, *ante*), in 1982, 1983, and 1984.[2]

█ The Supreme Court has held: "It is well settled . . . that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." (*Rose* v. *State of California* (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505]; *Salazar* v. *Eastin* (1995) 9 Cal.4th 836, 857 [39 Cal.Rptr.2d 21, 890 P.2d 43]; *San Francisco Taxpayers Assn.* v. *Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147]; Code Civ. Proc., § 1859.) █ Probate

---

[2]Probate Code section 15620 restated former Civil Code section 2268 without substantive change. (Cal. Law Revision Com. com. (1990 Enactment) 54 West's Ann. Prob. Code (1991 ed.) foll. § 15620 p. 604; Cal. Law Revision Com. com. (1986 Repeal) 10A West's Ann. Civ. Code (1997 cum. pocket supp.) foll. §§ 2228-2290.9, pp. 10-11.) Former Civil Code section 2268 was enacted in 1872 and never amended. (10A West's Ann. Civ. Code (1985 ed.) § 2268, p. 346.) It provided: "ALL MUST ACT. Where there are several co-trustees, all must unite in any act to bind the trust property, unless the declaration of trust otherwise provides." (*Ibid.*) Section 704 was enacted in its present form in 1975, effective January 1, 1977 (Stats. 1975, ch. 682, § 7, p. 1566) and was derived from former statutes enacted in 1931 and 1947. (Historical Note, 23E West's Ann. Corp. Code, foll. § 704 (1990 ed.) p. 324.)

Code section 15620 applies generally to powers vested in cotrustees. While section 15620 is certainly broad enough to cover the power to vote shares of stock held in trust, Corporations Code section 704 relates specifically to that particular subject. It addresses situations where two or more fiduciaries hold shares of stock in their names or stand in the same fiduciary relationship respecting the same shares. Therefore, in accordance with the basic rule of statutory construction recited above, section 704 is the controlling statute. Section 704 acts as an exception to section 15620.

Petitioner contends the manner in which the shares are to be voted is a matter of trust administration which is governed exclusively by the Probate Code. We respectfully disagree. Corporations Code, title 1 (General Corporation Law), division 1, chapter 7, section 700 et seq., of which section 704 is a part, governs voting of shares. Corporations Code section 702, subdivision (a), refers specifically to trustees. It provides: "Subject to subdivision (c) of Section 703, . . . shares standing in the name of a trustee may be voted by the trustee, either in person or by proxy, but no trustee shall be entitled to vote shares held by such trustee without a transfer of such shares into the trustee's name." (*Ibid.*) Section 704 refers to fiduciaries. A trustee is a fiduciary. (*Moeller* v. *Superior Court* (1997) 16 Cal.4th 1124, 1133-1134 [69 Cal.Rptr.2d 317, 947 P.2d 279]; *Estate of Goulet* (1995) 10 Cal.4th 1074, 1080, fn. 4 [43 Cal.Rptr.2d 111, 898 P.2d 425].) Further, the Law Revision Commission Comment (1990 Enactment) to Probate Code section 16234, which codifies a trustee's power to vote shares, cross-references provisions of the Corporations Code. The comment states: "Section 16234 continues Section 16234 of the repealed Probate Code without change. This section is comparable to Section 2458 (voting rights under guardianship and conservatorship statute). See also Corp.Code §§ 702(a) (voting of shares by trustees), 703(c) (voting of shares in corporate trustee), 705 (proxies) . . . ." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code (1991 ed.) foll. § 16234, pp. 100-101.)

Petitioner argues even if Corporations Code section 704 applies, the secretary of the corporation was given written notice unanimity was required and was furnished with a copy of an instrument or order appointing the cotrustees or creating the relationship wherein it was so provided. (*Ibid.*) As noted above, section 704 governs "*unless* the secretary of the corporation is given written notice to the contrary and is furnished with a copy of the instrument or order appointing [the fiduciaries] or creating the relationship *wherein it is so provided* . . . ." (*Ibid.*, italics added.) However, giving the corporate secretary a copy of the trust instrument, which is *silent* as to the manner in which the shares are to be voted, did not constitute notice of an order or instrument providing for unanimity in the voting of shares.

Secondary authority is consistent with our conclusion. In Bogert, The Law of Trusts and Trustees (rev. 2d ed. 1980), the author states: "By statute a majority [of cotrustees] is given power to vote stock in many jurisdictions. See, for example, West's Ann. Cal.Corp.Code § 704 . . . ." (*Id.*, § 554, p. 98, fn. 85.) In Scott and Fratcher, The Law of Trusts (4th ed. 1988) section 193.1, pages 149-150, the author notes: "Where there are two or more trustees, they must all join in the exercise of the powers conferred upon them, unless it is otherwise provided by the terms of the trust or by statute. This requirement of unanimity is applicable to the voting of shares of stock held in trust." Two statutes are cited as otherwise providing, one from Kansas, and the other from Michigan; both statutes are similar to section 704.[3] (Scott & Fratcher, The Law of Trusts, *supra*, § 193.1, p. 150, fn. 12.)

We wish to emphasize that the application of section 704, under which an act of the majority of the voting cotrustees would be binding, is subject to statutory restraints against abuse. Section 704 does not allow a majority of the cotrustees to act improperly with respect to the minority trustee or the trust. Under California trust law, a court can intervene to prevent or rectify abuses of a trustee's powers. (E.g., Prob. Code, §§ 15642 [removal of trustee], 17200 [removal of trustee, compelling redress of a breach of the trust], 17206 [discretionary power to make orders or take necessary action, including appointment of temporary trustee].)

---

[3]Kansas Statutes Annotated section 17-6507, subdivision (b), a provision of the Kansas General Corporation Code, states: "If shares or other securities having voting power stand of record in the names of two (2) or more persons, whether fiduciaries, members of a partnership, joint tenants, tenants in common, tenants by the entirety or otherwise, or if two (2) or more persons have the same fiduciary relationship respecting the same shares, unless the secretary of the corporation is given written notice to the contrary and is furnished with a copy of the instrument or order appointing them or creating the relationship wherein it is so provided, their acts with respect to voting shall have the following effect: [¶] (1) If only one vote, his act binds all; [¶] (2) If more than one vote, the act of the majority so voting binds all; [¶] (3) If more than one vote, but the vote is evenly split on any particular matter, each fraction may vote the securities in question proportionally, or any person voting the shares, or a beneficiary, if any, may apply to the district court for the appointment of an additional person to act with the persons so voting the shares, which shall then be voted as determined by a majority of such persons and the person appointed by the court. If the instrument so filed shows that any such tenancy is held in unequal interests, a majority or even-split. for the purpose of this subsection shall be a majority or even-split in interest."

Section 445 of the Michigan Business Corporation Act (Mich. Comp. Laws Ann. § 450.1445) provides: "(2) Shares held jointly by fiduciaries, where the instrument or order appointing the fiduciaries does not otherwise direct, shall be voted as follows: [¶] (a) If only 1 fiduciary votes, his act binds all. [¶] (b) If more than 1 fiduciary votes, the shares shall be voted as the majority of the fiduciaries determines. [¶] (c) If the fiduciaries are equally divided as to how the shares shall be voted, a court having jurisdiction, in an action brought by any of the fiduciaries or by any beneficiary, may appoint an additional person to act with the fiduciaries in such matter, and the stock shall be voted by the majority of such fiduciaries and such additional person."

### III. Disposition

The May 28, 1997, order, instructing the cotrustees that Probate Code section 15620 obligates them to exercise their voting rights by unanimous action only, is reversed. On remand, the trial court is directed to enter a new order instructing the cotrustees that Corporations Code section 704 controls their acts with respect to voting the shares of stock held in trust. Objectors, Edward D. Edwards, and James R. Edwards, are to recover their costs on appeal from petitioner, Kenneth N. Edwards.

Grignon, J., and Armstrong, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 20, 1998.