[No. B230286. Second Dist., Div. Six. Jan. 26, 2012.]

DANITA CHRISTIE, Plaintiff and Appellant, v.
PAULETTE KIMBALL, Defendant and Respondent.

**COUNSEL**

Renshaw & Associates, Steven J. Renshaw and Christine A. Renshaw for Plaintiff and Appellant.

Jones & Lester, Mark A. Lester and Greg May for Defendant and Respondent.

**OPINION**

**GILBERT, P. J.**—In probate court, nothing speaks more eloquently or provides more insight into factual and legal issues than an accounting.

Here the probate court lacked sufficient information to rule on three consolidated cases involving a trust. It determined that an accounting could well serve that purpose. We conclude the probate court's general power to supervise administration of trusts permits it to order a trustee's accounting on its own motion. We further conclude that such an order standing alone is not appealable.

Danita Christie, a trustee, appeals an order requiring her to file an accounting to document trust assets. We affirm.

### FACTS

In 1991, Paul and Mary Schwarz were trustees of the Schwarz Family Trust. The trust provided that upon their death, their daughters Christie and Paulette Kimball would become successor trustees.

Paul Schwarz died in 1999, and Mary Schwarz became the "sole Trustor, Trustee and lifetime beneficiary" of the family trust.

On May 23, 2005, Mary Schwarz amended the trust to provide that Christie would be "the beneficiary of all the trust property." In that amendment she also stated, "It is my express wish that [Christie] *shall hold half that property in trust for her sister Paulette Kimball.*" (Italics added.) "If Paulette Kimball does not survive Danita Christie, that property held in trust for Paulette Kimball shall become the sole property of Danita Christie. If Danita Christie does not survive Paulette Kimball, all property in the trust belonging to Danita Christie and held in trust for Paulette Kimball shall belong to Brian Brewer, to be held in trust for Paulette Kimball. [¶] It is my express wish that upon my death or incapacity, Danita Christie act as trustee for her sister Paulette Kimball, providing for her normal monthly expenses from funds held in trust for Paulette."

In 2007, Schwarz moved to Montana and resided with Kimball. In January 2008, Schwarz signed a grant deed transferring real property in Camarillo, California, from the family trust to herself as the "new sole owner exclusive of Schwarz Family Trust." Later that year, a Montana state court appointed Barbara Fink as Schwarz's conservator. Schwarz died on December 22, 2008. Her will was "admitted" to probate in a Montana court.

Christie filed an action in the Ventura County Superior Court to set aside the 2008 grant deed signed by Schwarz.

In April 2009, Kimball filed a petition to probate the estate of Mary Schwarz in the Ventura County Superior Court. She requested to be appointed "special administrator" with the power to "take possession and control" of the Camarillo real estate.

Christie amended the complaint in her action to set aside the deed and added causes of action for fraud, infliction of emotional distress, and injunctive relief against Kimball. She claimed Kimball used undue influence "to deprive [her] of control" of the Camarillo real estate.

In July 2009, Kimball filed a petition in the Ventura County Superior Court to remove Christie as the trustee of the family trust and "to compel [an] accounting." Kimball alleged that Christie, "in violation of . . . her duties as trustee, seeks to acquire property purportedly belonging to the Schwarz Family Trust *in her own name.*"

In February 2010, the probate court in Ventura consolidated the three California cases "for all purposes." The Montana probate court stayed its proceedings pending resolution of the California cases.

Later in 2010, the Ventura court reviewed the files of the three consolidated cases and a decision by the Montana court. The Ventura court sought to

identify the assets that were part of the trust. The court asked counsel questions about the various proceedings. In a brief unsworn statement, Christie told the court that the Montana state court had ordered her to transfer the trust cash assets to Montana, but she refused. She said that she "disbursed the assets" to herself as beneficiary and used the remainder to pay attorney's fees and that approximately $130,000 which had been in the trust was "basically gone now."

The Ventura court ordered Christie to file an accounting. Christie appeals this order.

## DISCUSSION

### *An Appealable Order*

Kimball contends that Christie's appeal must be dismissed because the order is not appealable. We agree.

Christie's appeal involves the authority of the court to order her to file an accounting in her capacity as a trustee of a trust. The Probate Code states that orders "[c]ompelling the trustee to submit an account or report acts as trustee" are not appealable. (Prob. Code, § 1304, subd. (a)(1).)[1]

Christie notes that there is an exception to this rule. "An order to account is appealable when it expressly or implicitly decides other issues that could be the subject of an appealable probate order." (*Esslinger v. Cummins* (2006) 144 Cal.App.4th 517, 522 [50 Cal.Rptr.3d 538].) She contends that by ordering an accounting, the court was also deciding that Kimball was a trust beneficiary who had the right to demand an accounting. She claims these are appealable issues apart from the accounting order.

Christie asked the trial judge, "Are you saying [Kimball] is a beneficiary entitled to an accounting?" The court responded, "*No. I am saying I want to see what happened to the $130,000 in a formal verified account.*" (Italics added.) It noted that issues involving the trust and its validity are "all issues which you deal with later." The court simply issued an order "[c]ompelling the trustee to submit an account." This order is not appealable. (§ 1304, subd. (a)(1).) Even on the merits, the result is the same.

### *The Order for an Accounting*

Christie claims (1) Kimball lacked standing to request an accounting; (2) the trial court lacked the authority to order it sua sponte; and (3) alternatively, the order was an abuse of discretion.

---

[1] All statutory references are to the Probate Code.

The trial court made its order after reviewing the extensive record of the trial court proceedings. On appeal, Christie has not produced the full record the court reviewed. To the extent the court relied on documents not before us, our review is hampered. We cannot presume error from an incomplete record. (*In re Kathy P.* (1979) 25 Cal.3d 91, 102 [157 Cal.Rptr. 874, 599 P.2d 65].) But on the record we have, Christie has not shown error.

 The trial court determined the order of issues it needed to decide before resolving the merits. It said, "[I]t sounds to me like the first thing that needs to be done is the accounting . . . ." Christie has not shown why an accounting should not be the starting point for the court's analysis of trust assets. This was a contested case where the trustee's actions were being challenged. An accounting is the appropriate procedure to determine the trust assets. It places no burden on the trustee other than to document trust expenses.

### Kimball's Standing

Christie contends Kimball lacked standing to petition for an accounting because the 2005 trust amendment does not list her as a trust beneficiary.

 " 'The trustee may be compelled to account not only by a beneficiary presently entitled to the payment of income or principal, but also by a beneficiary who will be or may be entitled to receive income or principal in the future.' (Rest.2d Trusts, § 172, com. c, p. 377.)" (*Esslinger v. Cummins, supra,* 144 Cal.App.4th at p. 525.)

Christie invites us to rule as a matter of law that Kimball is not a beneficiary because the amendment provides that she (Christie) is "the beneficiary of all the trust property." We decline the invitation. In the amendment, Mary Schwarz also said, "It is my express wish that [Christie] shall hold half that property in trust for her sister Paulette Kimball." In another provision, she said in case of Christie's death, trust property is to be held "in trust" for Kimball. The amendment is not free from ambiguity and the probate court ultimately may have to consider Kimball's status. (*Estate of Black* (1962) 211 Cal.App.2d 75, 85 [27 Cal.Rptr. 418].)

Moreover, Kimball referred the trial court to a discovery declaration where Christie said she was responsible for making an accounting for the expenses "surcharged against [a] sub-trust of Paulette Kimball." (Boldface, underscoring & some capitalization omitted.) Kimball noted that in that 2009 declaration, Christie said she had $63,344.74 as "sub-trust funds held by [Christie] as trustee for Paulette Kimball." (Boldface & some capitalization omitted.) Kimball also claimed that, "having . . . delivered a purported accounting to

[her] in October 2009," Christie was "now estopped" to change position and "deny" her beneficiary status.

### The Sua Sponte Order

▇ Kimball claims that even though her status has not been litigated, the result does not change because the probate court may request an accounting. We agree. Where an accounting is necessary to determine the status of trust assets, the court may order one sua sponte. "The probate court has general power and duty to supervise the administration of trusts." (*Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 427 [78 Cal.Rptr.3d 838].) This includes the " '*inherent power* to decide all incidental issues necessary to carry out' " this function. (*Ibid.*) Section 17206 provides, in relevant part, "The court in its discretion may make *any orders and take any other action* necessary or proper to dispose of the matters presented by the petition . . . ." (Italics added.)

▇ Reviewing the assets is consistent with the court's "duty to supervise" the trust administration. (*Schwartz v. Labow, supra,* 164 Cal.App.4th at p. 427.) A trustee has fiduciary duties involving the spending and distribution of trust assets. (*Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 905–906 [116 Cal.Rptr.3d 244].) " '[T]he probate court has a duty *imposed by law* to inquire into the prudence of the trustee's administration.' " (*Schwartz,* at p. 427.) It has "inherent equitable power" to take "remedial action." (*Ibid.*) "Under California trust law, a court can intervene to prevent or rectify abuses of a trustee's powers." (*Edwards v. Edwards* (1998) 61 Cal.App.4th 599, 604 [71 Cal.Rptr.2d 653].) Determining the need for an accounting is a matter within the trial court's sound discretion. (*Walsh v. Jack Rubin & Sons, Inc.* (1960) 182 Cal.App.2d 652, 654 [6 Cal.Rptr. 346].)

▇ Here there were substantial reasons for the trial court to be concerned about trust expenditures. Kimball filed a petition to remove Christie as trustee for breaching fiduciary duties, to recover property belonging to the trust, and to require Christie to file an accounting. She claimed Christie improperly removed $129,000 from a bank account that belonged to the trust. The court had previously sanctioned Christie for not responding to Kimball's discovery requests relating to financial transactions.

At the hearing, Christie made statements that raised questions about her trust expenditures. She said she had "disbursed the assets" to herself as beneficiary and "held another half in trust" to "pay the attorney." She claimed that $130,000 in trust cash assets were "basically gone now." She has not filed a formal accounting regarding these distributions and her unsworn remarks at the hearing were not substitutes for the accounting declaration.

The trial court said it had reviewed the consolidated case files and had questions about the extent of the trust assets. In 2009, Christie said she had $63,344.74 as trust funds that she held as trustee for Kimball, but now Christie claimed that all of those funds were "gone." Further judicial inquiry is appropriate. (*Edwards v. Edwards, supra*, 61 Cal.App.4th at p. 604.)

Moreover, Kimball's counsel also told the trial court there was a demand that Christie transfer the cash from the trust to the Montana conservatorship case, but Christie refused. Christie acknowledged that there was a Montana order requiring her to transfer the trust cash assets, but she opposed it. There was consequently a dispute about the classification of the cash assets that Christie controlled. The court could reasonably conclude that given the contested nature of this case, the multiple actions, the conflicts and unanswered questions, an accounting was necessary to track the assets that were the subject of the parties' conflicting claims. There was no abuse of discretion.

We have reviewed Christie's remaining contentions and conclude that she has not shown error.

The order is affirmed. Costs on appeal are awarded in favor of respondent.

Coffee, J., and Perren, J., concurred.