Filed 7/29/13  Marquez v. Allstate Ins. Co. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| OLIVIA MARQUEZ et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>ALLSTATE INSURANCE CO. et al.,<br><br>    Defendants and Respondents. | B238703<br><br>(Los Angeles County<br> Super. Ct. No. KC059808) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge.  Affirmed.

Combs & Schaertel and Arthur T. Schaertel for Plaintiffs and Appellants.

McKenna Long & Aldridge, Peter H. Klee and Theona Zhordania for Defendant and Respondent Allstate Insurance Company.

## INTRODUCTION

Plaintiffs and appellants Olivia Marquez and Bridgette Angulo appeal from the trial court's order granting a special motion to strike under Code of Civil Procedure section 425.16 (section 425.16) filed by respondent Alexander Haus. However, they failed to provide this court with any of the relevant pleadings upon which the trial court based its decision. Accordingly, we presume that the trial court's decision was correct and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellants filed suit against defendants and respondents Allstate Insurance Company and Allstate Indemnity Company (collectively Allstate) as well as Allstate employees Alexander L. Haus, Shirley Y. Komura, and Edward M. Liddy. Haus, who was in-house counsel for Allstate, had represented Allstate during a prior arbitration with appellants, who sought coverage by Allstate for injuries they suffered in an accident involving an uninsured motorist. As to Haus, the original complaint and the subsequent first amended complaint alleged causes of action for illegal practice of law, negligent misrepresentation, intentional misrepresentation, and negligence.

The trial court sustained demurrers to the first amended complaint, and appellants filed a second amended complaint (SAC). Haus filed an anti-SLAPP motion in response to the SAC, which the court granted on November 16, 2011. The court found that appellants' claims against Haus were premised entirely on his representation of Allstate during the arbitration proceeding, which constituted an "official proceeding authorized by law" pursuant to section 425.16, subdivision (e)(2). Therefore, Haus had satisfied his burden to show that appellants' causes of action fell within the class of suits subject to a special motion to strike. Further,

2

appellants had not established a probability that their claims would prevail on the merits.

This appeal followed.

## DISCUSSION

We review a trial court's ruling on a motion to strike under section 425.16 de novo by "conducting an independent review of the entire record. [Citations.]" (*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212.) In this case, however, we are unable to conduct such a review, because appellants failed to furnish (1) the SAC, which was the operative complaint and the subject of the special motion to strike; (2) the motion to strike itself; (3) any exhibits and declarations in support of that motion; (4) appellants' opposition to that motion; and (5) any reply by Haus in support of the motion to strike.

"A fundamental principle of appellate practice is that an appellant "'must affirmatively show error by an adequate record. . . . Error is never presumed. . . . 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent. . . .'" [Citation.]' [Citations.]" (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532-1533; see *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["We cannot presume error from an incomplete record."]; *Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 ["When practicing appellate law, there are at least three immutable rules: first, take great care to prepare a complete record; second, if it is not in the record, it did not happen; and third, when in doubt, refer back to rules one and two."].) It is neither this court's nor respondent's responsibility to locate and furnish the documents necessary to consider the parties' arguments on appeal. (*State Comp. Ins. Fund v. WallDesign Inc.* (2011) 199 Cal.App.4th 1525, 1528-1529, fn. 1.) Rather, appellants have the

burden to assure that the record on appeal is sufficient to resolve the issues raised. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)

Appellants note that counsel for appellants notified the court that the SAC was not in the court file and did not appear on the docket. They argue that because this complaint is missing from the court file, they did not have the obligation to designate it and provide it in the appellate record.[1] They are incorrect. If a pleading is missing from the court file, so that the clerk could not have included it in the clerk's transcript, the appellant must file a motion for augmentation of the record, attaching a copy of the document. (Cal. Rules of Court, rule 8.155 ["(1) At any time, on motion of a party or its own motion, the reviewing court may order the record augmented to include: [¶] (A) Any document filed or lodged in the case in superior court. . . . [¶] (2) A party must attach to its motion a copy, if available, of any document or transcript that it wants added to the record."].) Although appellants acknowledged below that they possessed a conformed, file-stamped copy of the SAC, they neglected to file a motion to augment the record to include it.

Because appellants have failed to provide us with the key pleadings on which the trial court based its decision to grant the special motion to strike, we cannot conduct the necessary review, and instead presume that the trial court reached the correct decision based on the facts and arguments presented to it.[2]

---

[1] Appellants do not address the reason that they failed to designate the other key pleadings omitted from the clerk's transcript, other than to suggest, erroneously, that respondent should have done so.

[2] Although appellants' notice of appeal indicates that appellants are solely appealing the grant of the special motion to strike, and their brief likewise indicates that they are appealing from this order, they also argue in cursory fashion that the trial court should not have decided a motion for summary judgment brought by another respondent, Allstate, because appellants' filing of the notice of appeal divested the trial court of jurisdiction to

4

**DISPOSITION**

The judgment is affirmed.  Appellants to bear costs and attorney fees on appeal, in amounts to be determined by the trial court.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

MANELLA, J.

SUZUKAWA, J.

---

decide the summary judgment motion.  Because appellants failed to appeal the grant of summary judgment in favor of Allstate, and failed to include in the record any of the pleadings relevant to the summary judgment motion, we do not consider this issue.

In addition, appellants also suggest in their reply brief that because the SAC does not exist in the court file, it was reversible error to make any rulings based on that complaint, including the granting of demurrers, the anti-SLAPP motion, summary judgment, and attorney fees.  We do not consider arguments raised for the first time in a reply brief.  (*Estate of Bonzi* (2013) 216 Cal.App.4th 1085, 1106 fn. 6.)  Moreover, appellants cite no authority that would support the meritless proposition that, when documents are missing from a court file, the orders and judgments to which they relate are void.