Filed 4/25/16  S.A. v. A.W. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| S.A.,<br><br>        Appellant,<br><br>    v.<br><br>A.W.,<br><br>        Respondent. | D068394<br><br><br>(Super. Ct. No. D541936) |

APPEAL from an order of the Superior Court of San Diego County,

Paula S. Rosenstein, Judge.  Affirmed.

S.A., in pro. per., for Appellant.

A.W., in pro. per., for Respondent.

INTRODUCTION

S.A. (father) appeals an order modifying the custody and visitation schedule for

his minor child.  He contends the court erred in increasing his custody and visitation

schedule from 25 percent to 34 percent, rather than to 50 percent.  He also contends the

court erred in ordering him to attend a six-week parenting course, which he states he has now completed. However, father's brief makes factual statements without citation to the record. Father chose to proceed on this appeal with a minimal clerk's transcript and without either a reporter's transcript or a settled statement. The failure to provide an adequate record precludes appellate review and requires us to affirm the order. (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)

FACTUAL AND PROCEDURAL BACKGROUND

Father petitioned the court in March 2013 for joint legal custody of his minor child. The minor's primary residence was to be with A.W. (mother), but father was to have visitation every weekend, Friday to Sunday.[1]

Two years later, in June 2015 the court modified the child custody and visitation award upon father's request. Father and mother were awarded joint legal custody with primary residence to mother. The court adopted the Family Court Services report, as modified. The court ordered visitation with father every Monday and every other Friday from 4:00 p.m. until 8:00 p.m., every Wednesday from 4:00 p.m. until Thursday at 4:00 p.m., and every other weekend from 4:00 p.m. on Friday until 8:00 p.m. on Sunday. The court ordered the child to be in the care of mother at all other times.

In addition to ordering the parents to complete a coparenting course, the court ordered father to attend a six-week parenting class. The court also ordered the parents to cooperate and sign necessary papers to obtain a passport for the child. Mother was

---

[1] The record on appeal does not contain the order awarding custody and visitation.

ordered to hold the passport and make it available for use by father when needed. He was to return the passport to mother afterward.

Father filed a notice of appeal of the court's modification order indicating it is an order after judgment, appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2). (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377-1378.) He designated a clerk's transcript as the record on appeal, but did not identify any documents for inclusion in the clerk's transcript other than those listed on the designation form. He also chose to proceed without a record of the oral proceedings.[2]

## DISCUSSION

### I

"Under California's statutory scheme governing child custody and visitation determinations, the overarching concern is the best interest of the child. The court and the family have 'the widest discretion to choose a parenting plan that is in the best interest of the child.' (Fam. Code, § 3040, subd. (b).)[3] When determining the best interest of the child, relevant factors include the health, safety and welfare of the child, any history of abuse by one parent against the child or the other parent, and the nature and amount of

---

[2] We deny A.W.'s request to augment the record. It does not appear these documents were filed or lodged with the trial court and they are not proper for augmentation. (Cal. Rules of Court, rule 8.155(a).) We also deny S.A.'s "Motion to Introduce Judicial Evidence for Notice." The text messages, photographs and letter were not provided to the trial court and are not matters of which we may properly take judicial notice. (Evid. Code, §§ 451-453.)

[3] All further undesignated statutory references are to the Family Code.

contact with the parents. (§ 3011.)" (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255 (*Montenegro*).)

We review the trial court's ruling on a request to modify the parties' parenting schedule for an abuse of discretion. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 365.) " 'The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the "best interest" of the child.' " (*Ibid.*, quoting *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32 (*Burgess*); accord *In re Marriage of Condon* (1998) 62 Cal.App.4th 533, 549 ["[g]reat deference must be given to the trial court's adjudication of the facts" in reviewing custody and visitation orders].) "Under this test, we must uphold the trial court 'ruling if it is correct on any basis, regardless of whether such basis was actually invoked.' " (*Montenegro*, *supra*, 26 Cal.4th at p. 255.)

## II

Although father is representing himself in this appeal, the rules of civil procedure apply equally to him. A litigant "appearing in propria persona, … is entitled to the same, but no greater, consideration than other litigants and attorneys." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; see *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

It is the appellant's burden to provide an adequate record on appeal. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["a party challenging a judgment has the burden of showing reversible error by an adequate record"]; *Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 849 [the appealing party must provide an adequate record demonstrating error].) "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.) We are not permitted

4

to speculate as to the contents of the missing portions of the record or the issues that may have raised below. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) The failure to provide an adequate record on appeal "precludes an adequate review and results in affirmance of the trial court's determination." (*Estrada v. Ramirez, supra*, 71 Cal.App.4th at p. 620, fn. 1.)

In addition, father failed to provide either citations to the record in support of the factual and procedural assertions in his opening brief or legal analysis supported by citation to authority. Therefore, we may deem his contentions waived. (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1, citing *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 and *Trinkle v. California State Lottery* (2003) 105 Cal.App.4th 1401, 1413; see *Nwosu v. Uba, supra,* 122 Cal.App.4th at p. 1246 [statements in appellate briefs not supported by citations to the record are improper and cannot be considered].)

The court's order indicates it heard sworn testimony from both father and mother before it adopted and modified the Family Court Services' recommendation, which was prepared after the parties participated in a Family Court Services conference. Based upon the sparse record provided and father's failure to provide arguments supported by appropriate citation to the record or legal authority, we are compelled to presume the trial court properly exercised its wide discretion to modify the custody and visitation order and to order father's attendance of a parenting class to serve the best interests of the child.

## DISPOSITION

The order is affirmed.  Respondent shall recover its costs on appeal.


McCONNELL, P. J.

WE CONCUR:


BENKE, J.


AARON, J.

6