Filed 2/23/22  Gomez v. Foster CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LUIS ERNESTO GOMEZ, | 2d Civil No. B310368 |
| | (Super. Ct. No. 20CV02338) |
| Plaintiff and Respondent, | (Santa Barbara County) |
| v. | |
| JOSEPH FOSTER, | |
| Defendant and Appellant. | |

Joseph Foster appeals a civil harassment restraining order prohibiting him from harassing his neighbor, Luis Gomez (respondent) and respondent's family.  (Code Civ. Proc., § 527.6.)[1]  Appellant contends the order is not supported by substantial evidence.  We affirm.

---

[1] All further references are to the Code of Civil Procedure.

## FACTS AND PROCEDURAL HISTORY

Appellant and respondent are neighbors. Each neighbor obtained a temporary civil harassment restraining order against the other.

On December 8, 2020, the trial court conducted an evidentiary hearing on the parties' requests. Appellant moved to dismiss his request for a restraining order. The trial court granted the request and the hearing proceeded solely on respondent's request for a restraining order.

Respondent testified that on July 13, 2020, he asked appellant about the temporary construction fencing around his front yard that had been up for approximately four months. In response, appellant threatened respondent that he was going to "terrorize [respondent's family] and be the neighbor from hell." The following day, sometime around 7:00 a.m., appellant began playing loud music and revving his motorcycle engine for approximately one hour. On another occasion, he approached respondent and respondent's father-in-law and shouted insults and threats at them. He called animal control and complained about respondent's dog. He also installed security cameras pointed toward respondent's home.

Appellant denied respondent's allegations in both his declaration and his testimony at the hearing. He claimed it was respondent who was the aggressor. Appellant said he installed the cameras for his safety because respondent had threatened to poison his dog. He denied the cameras were pointed at respondent's house, but later took them down. He also claimed respondent's dog barked for hours, was off leash and defecated in his front yard on multiple occasions.

At the conclusion of the hearing, the trial court granted respondent's request for the restraining order.

DISCUSSION

*Mootness*

Before we address the merits of appellant's contentions, we must first determine whether the appeal is moot. The restraining order at issue was scheduled to expire on December 8, 2021, which technically renders this appeal moot.[2] "'"[T]here are three discretionary exceptions to the rules regarding mootness: (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination [citation].'" [Citation]." (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495-496 (*Harris*).)

We retain discretion to consider appellant's contentions on the merits because it is likely that the controversy will recur between the parties given their history and respondent's request to renew the restraining order. Accordingly, we will address the merits of appellant's claims.

*Restraining Order*

Appellant makes several arguments that the civil harassment restraining order is not supported by substantial evidence. As we explain below, these arguments lack merit.

We review the trial court's grant of a civil harassment restraining order for substantial evidence. (*Harris*, *supra*, 248 Cal.App.4th at p. 497; *R.D. v. P.M.* (2011) 202 Cal.App.4th 181,

---

[2] Our review of the superior court's docket indicates that a hearing date has been scheduled on respondent's request to renew the restraining order.

188 (*R.D.*).) "'The appropriate test on appeal is whether the findings (express and implied) that support the trial court's entry of the restraining order are justified by substantial evidence in the record. [Citation.] But whether the facts, when construed most favorably in [the petitioner's] favor, are legally sufficient to constitute civil harassment under section 527.6, and whether the restraining order passes constitutional muster, are questions of law subject to de novo review.'" (*Harris*, at p. 497.) "We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762 (*Schild*).)

Appellant complains the record does not support the trial court's findings, but appellant failed to provide a complete record on appeal. For example, he has omitted respondent's original request for a restraining order and numerous supporting declarations that the trial court stated it had considered. "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.) Rather, we are required to draw every inference in favor of the judgment. (*Schild*, *supra*, 232 Cal.App.3d at p. 762; *R.D.*, *supra*, 202 Cal.App.4th at p. 186, fn. 5.) The record provided, and especially the transcript of the evidentiary hearing, includes substantial evidence supporting the trial court's factual findings.

A trial court may issue a civil harassment restraining order upon a finding, by clear and convincing evidence of "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously

4

alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subds. (a)(1), (b)(3) & (i).)

Appellant contends the trial court lacked substantial evidence to grant the restraining order for several reasons. First, he contends the evidence was insufficient to establish a credible threat of violence or harassment because respondent "never testified that he himself" felt threatened or suffered emotional distress, nor would a reasonable person suffer substantial emotional distress based on his conduct.

But respondent did testify that after appellant threatened to "terrorize [his] family and be the neighbor from hell," appellant engaged in a "pattern of behavior" of making threats and acting "very aggressive" that caused respondent to feel "scared" and "concerned" for his family's safety. He explained that he and his family felt they could not walk down the street without fear that appellant, who was larger than respondent, would confront them and the situation would become "violent." He also testified that he had lost sleep and suffered emotional distress.

This evidence was sufficient for the trial court to conclude that respondent had "established harassment by clear and convincing evidence" as defined by the statute. (§ 527.6, subd. (b)(3).)

Appellant next contends the evidence does not establish that his conduct "served no legitimate purpose." However, the trial court stated that it had "carefully considered the evidence" and found appellant "was attempting to be the neighbor from hell" by "playing his loud music and revving [his] motorcycle," engaging in an "angry exchange" and making "threats" to respondent and respondent's father-in-law, calling Animal Control, and installing the security cameras directed at

respondent's home.  Based on the foregoing evidence, the trial court correctly concluded appellant's conduct served no legitimate purpose.

Finally, appellant contends the trial court failed to consider his declarations, but this contention is contradicted by the record. The trial court stated it had "considered [appellant's] declaration" and his supporting declarations.

DISPOSITION

The civil harassment restraining order is affirmed. Respondent is entitled to his costs on appeal, if any.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


TANGEMAN, J.

Stephen Foley, Commissioner
Superior Court County of Santa Barbara

_____

Haffner Law Group and Matthew M. Haffner, for Defendant and Appellant.

Luis Ernesto Gomez, in pro. per., for Plaintiff and Respondent.