Filed 3/21/25  Tejeda v. Marky CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| AMANDA TEJEDA,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LOUIS MICHAEL MARKY,<br><br>    Defendant and Appellant. | D083793<br><br><br>(Super. Ct. No. 37-2023-00048154-CU-HR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, John T. Feeney, Judge.  (Retired Judge of the Humboldt Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Louis Michael Marky, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Louis Michael Marky, a self-represented litigant, appeals an order granting a civil harassment restraining order against him under Code of Civil Procedure[1] section 527.6 in favor of Amanda Tejeda, her husband, and her

---

[1]    Statutory references are to the Code of Civil Procedure unless otherwise specified.

daughter for a period of three years (expiring on December 26, 2026). Marky essentially contends the granting of the restraining order was not supported by the evidence. Tejeda has not filed a respondent's brief. We affirm the order.

## BACKGROUND

On November 6, 2023, Tejeda filed a request for a civil harassment restraining order against Marky for the benefit of herself as well as her husband and daughter. Marky and Tejeda are neighbors in the same apartment complex. Tejeda claimed that Marky verbally threatened her and her family, brandished a gun, looked through her home's window, had cameras facing her residence, made several unwanted texts and calls to her, and followed Tejeda and her daughter when they left their home. In addition, Tejeda included a detailed account of several occurrences when Tejeda had allegedly harassed her and/or her family.

The court granted a temporary restraining order in part, denying Tejeda's request that the restraining order include her dog. The temporary restraining order was to expire on November 30, 2023 when the hearing on the request for a civil harassment restraining order was set to be heard.

On November 30, 2023, the court granted Tejeda's request to reissue the temporary restraining order to allow time to serve Marky. In addition, the court continued the hearing date on the civil harassment restraining order to December 26, 2023.

On December 21, 2023, Marky filed a response to the request for a civil harassment restraining order. There, Marky claimed that he did not own any firearms and denied all the allegations of harassment contained in Tejeda's request. He also submitted the declaration of the landlord of the apartment complex. In that declaration, among other things, the landlord

2

offered his own opinion as to several interactions between the Tejedas and Marky; yet, he admitted that he had "never witnessed an actual firsthand encounter between my tenant and the Tejeda's, but [he had] viewed photos and videos and ha[d] seen the aftermath of several encounters." Additionally, Marky submitted two police reports and his own declaration about those reports.

On December 26, 2023, the court held a hearing on Tejeda's request for a civil harassment restraining order. The hearing was not reported by a court reporter or recorded electronically. According to the minute order, the court heard "testimony from all parties" and considered "photo evidence" submitted by Marky. The court ultimately found that Tejeda "met the high burden of proof," concluding she "proved the case by . . . [c]lear and [c]onvincing [e]vidence under [section] 527.6." The court thus granted the order as requested against Marky, requiring him to stay 100 yards away from Tejeda, her husband, and her daughter. In addition, the court ordered Marky "not to contact, molest, harass, attack, strike, threaten, sexually assault, batter, telephone, send any messages to, follow, stalk, or destroy the personal property of Amanda Tejeda."

## DISCUSSION

Section 527.6 authorizes a person who has suffered harassment to obtain a temporary restraining order and injunction against the harassing conduct and provides an expedited procedure to obtain such an injunction. (§ 527.6, subd. (a)(1).) "The elements of unlawful harassment, as defined by the language in section 527.6, are as follows: (1) 'a knowing and willful course of conduct' entailing a 'pattern' of 'a series of acts over a period of time, however short, evidencing a continuity of purpose'; (2) 'directed at a specific person'; (3) 'which seriously alarms, annoys, or harasses the person';

3

(4) 'which serves no legitimate purpose'; (5) which 'would cause a reasonable person to suffer substantial emotional distress' and 'actually causes[s] substantial emotional distress to the plaintiff'; and (6) which is not '[c]onstitutionally protected activity.' " (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

Marky appeals the trial court's order granting the civil harassment restraining order, arguing that "Tejeda did not present substantial evidence in favor of her" request. Further, he points us to his declaration and the landlord's declaration, asserting they "thoroughly contradict[ ] Tejeda's narrative." Marky's argument is not well taken.

We review the trial court's decision to grant the restraining order for " 'whether the findings (express and implied) that support the trial court's entry of the restraining order are justified by substantial evidence in the record.' " (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497.) When conducting our review, we must "not reweigh the evidence itself" (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1008), but must instead "view the record in the light most favorable to the prevailing party below and give appropriate deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence." (*Id.* at pp. 1011–1012.)

Here, Marky is simply asking us to reweigh the evidence. This we cannot do. Therefore, on this ground alone, we affirm the order.

Additionally, Marky's appeal is lacking in a more fundamental manner. He has not provided us with an adequate record on which to evaluate his claims of error. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the

4

appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) " 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Id.* at p. 609.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid.*)

Here, Marky has not provided us with a proper record. (See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 [concluding appellant must present an "adequate record" for review].) Specifically, there is no reporter's transcript or settled statement of the hearing from which to evaluate the trial court's order. And the trial court's minute order does not contain any factual determinations or legal analysis explaining the court's decision to grant Tejeda's request for a civil harassment restraining order. Consequently, we must presume the evidence supports the court's findings and that its resulting order was proper based on those findings. (*Jameson, supra,* 5 Cal.5th at p. 609; accord *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["To the extent the court relied on documents not before us, our review is hampered. We cannot presume error from an incomplete record"]; *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 ["if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"].)

In short, because we are unable to fairly evaluate Marky's contentions considering the inadequate record, we must affirm the order for this reason as well. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.)

DISPOSITION

The order is affirmed.  No costs are awarded because respondent did not file a brief on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


RUBIN, J.

WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.