Filed 4/1/25  Marriage of Namba and Yoo CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re Marriage of MICHAEL M. NAMBA and JENNY I. YOO. | B336147 (Los Angeles County Super. Ct. No. BD632254) |
| MICHAEL M. NAMBA, Appellant, v. JENNY I. YOO, Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dean J. Kitchens, Judge.  Affirmed.

Law Offices of Robert Gantman and Robert Gantman for Appellant.

Moon & Dorsett and Dana Moon for Respondent.

_____

Appellant Michael M. Namba (Namba) appeals from an order awarding respondent Jenny I. Yoo (Yoo) $25,394 in need-based attorney fees and costs under Family Code section 2030.[1] We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

I.  *Underlying Marital Dissolution Case*

Namba and Yoo married in 2006 and separated in 2016. The family court entered a judgment of dissolution in March 2019.  The parties share two minor children.

II.  *Yoo's First Request for Order*

On December 21, 2021, Yoo filed a request for order seeking, among other things, a modification of guideline child support, a modification of postjudgment spousal support, and an award of attorney fees (first request for order).

On February 22, 2023, the family court issued a minute order increasing child support from Namba to Yoo, setting spousal support for Yoo for the period from June 2022 through May 2024, and awarding Yoo attorney fees and costs in the amount of $20,313.80 under section 2030.  The court ordered "[c]ounsel for the parties . . . to meet and confer to determine whether, and if so to what extent, there has been any underpayment or overpayment of child support for the period of March 15, 2022[,] through February 28, 2023, and to discuss a schedule for the payment of any underpayment or for the repayment or crediting of any overpayment."  In the event "the parties [we]re unable to reach an agreement, either party" was permitted to "file a new [r]equest [f]or [o]rder relating to any such underpayment or overpayment."

---

[1]     All further statutory references are to the Family Code unless otherwise indicated.

An order after hearing regarding these rulings was entered on May 24, 2023.

III.  *Yoo's Second Request for Order*

On May 26, 2023, Yoo filed another request for order seeking child and spousal support arrearages, as well as attorney fees (second request for order).  The family court heard the matter on August 7 and October 30, 2023, and took it under submission.[2]

IV.  *Ruling on Second Request for Order*

On November 1, 2023, the family court issued a minute order ruling on the second request for order.  First, the court ruled that a January 2022 bonus received by Namba was not subject to the May 24, 2023, child support order.  Second, the court awarded Yoo $751 in interest on child and spousal support arrearages.  Third, the court ordered Namba to pay Yoo $556 in unpaid child support.  Fourth, and finally, the court turned to Yoo's request for attorney fees.

The family court explained that Yoo's requested attorney fees "relate[d] to two broadly separate categories of work"— (1) work converting the February 22, 2023, minute order on the first request for order into the May 24, 2023, order after hearing; and (2) work on the second request for order regarding arrearages.  The court "assume[d]" that Yoo was seeking need-based fees under section 2030.

The family court noted "that the relative financial positions of the [parties] ha[d] not materially changed since February 22, 2023[,]" with Yoo's "income remain[ing] at $6,200 per month (not including child and spousal support)" and Namba's "income

_____

[2]      Namba has not provided us with reporter's transcripts of the August 7 and October 30, 2023, hearings.

3

inclusive of salary and anticipated bonus [at] approximately $33,000 per month." Accordingly, the court found a "disparity in access to funds[.]"

As for whether Namba had "the ability to pay for the representation of both parties[,]" the family court was "less convinced" given that Namba's "substantial income" was "partly offset by his monthly family support obligations" and attorney fees he had previously been ordered to pay.

The family court found it "notable that the amounts actually at stake on th[e] [second request for order] [we]re quite modest." "While the [c]ourt believe[d] [Yoo's counsel]'s work was conscientiously and well done, [the court] [wa]s also mindful of the fact that at the end of the day the [p]arties were litigating over an amount which was far less than the fees incurred to fight it." Given the amounts at issue and the nature of the work, the court reduced Yoo's counsel's requested billing rate of $550 for attorney hours and $185 for paralegal hours to $450 and $140, respectively. Further, as for the fees sought for work on the second request for order, the court reduced the award by 33 percent.

The family court found that "[u]nder all the circumstances (including the reduction in the amount requested)" Namba should pay all, rather than only a contributive share, of the $25,189 in attorney fees and $205 in costs awarded to Yoo. In conclusion, the court noted that, for any future attorney fee request, "it w[ould] look carefully at efforts to achieve efficiencies on both sides and make rulings accordingly."

An order after hearing memorializing these rulings was entered on December 22, 2023.

4

V. *Appeal*

This timely appeal ensued.

**DISCUSSION**

I. *Applicable Law*

"Sections 2030 and 2032 authorize the [family] court in a dissolution action to 'award fees and costs between the parties based on their relative circumstances in order to ensure parity of legal representation in the action.' [Citation.]" (*In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 393 (*Hearn*).) Upon a request for attorney fees and costs, the court is required to "make findings on whether" (1) "an award of attorney's fees and costs under . . . section [2030] is appropriate"; (2) "there is a disparity in access to funds to retain counsel"; and (3) "one party is able to pay for legal representation of both parties." (§ 2030, subd. (a)(2).) "If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (*Ibid.*)

"A fee award is limited to the amount that is 'reasonably necessary' to maintain or defend the proceeding (§ 2030, subd. (a)(1)), and must be 'just and reasonable under the relative circumstances of the respective parties.' (§ 2032, subd. (a).) In determining what is just and reasonable under the circumstances, section 2032, subdivision (b), directs the court to consider the circumstances listed in section 4320, which include the parties' earning capacity (§ 4320, subds. (a), (c)), as well as a catch-all that encompasses '[a]ny other factors the court determines are just and equitable.' (§ 4320, subd. (n).)" (*Hearn*, *supra*, 94 Cal.App.5th at pp. 393–394, fn. omitted.)

5

II. *Standard of Review*

We review a need-based attorney fee award under section 2030 for an abuse of discretion.  (*In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532.)  "Applying the abuse of discretion standard, we consider de novo any questions of law raised on appeal, but will uphold any findings of fact supported by substantial evidence.  [Citation.]  The [family] court's order 'will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made.'  [Citation.]"  (*Ibid.*)

III. *Analysis*

Applying these legal principles, we readily conclude that the family court did not abuse its discretion in awarding Yoo need-based fees and costs under section 2030.  The court made the requisite findings under section 2030, subdivision (a)(2), that an award to Yoo was appropriate, that there was a disparity in access to funds between Namba and Yoo, and that Namba had the ability to pay Yoo's attorney fees as reduced by the court.  Because "the findings demonstrate[d] disparity in access and ability to pay," the court properly awarded attorney fees and costs to Yoo.  (§ 2030, subd. (a)(2).)[3]

---

[3]  Namba has forfeited any argument that the family court's findings were not supported by substantial evidence.  First, he failed to raise the issue adequately in his appellate briefs.  (See *In re Marriage of Carlisle* (2021) 60 Cal.App.5th 244, 255 ["'The absence of cogent legal argument or citation to authority allows this court to treat the contentions as' forfeited"].)  Second, he has not presented a complete picture of the evidence below by not providing reporter's transcripts of the August 7 and October 30, 2023, hearings on Yoo's second request for order.  According to the court's August 7, 2023, minute order, both Namba and Yoo

6

Urging us to reverse, Namba makes several meritless arguments.[4]

First, Namba argues that the family court failed to consider the relative circumstances of the parties, including Namba's obligation to pay private school tuition for the parties' minor children, fees he owed to a parenting plan coordinator, and other debts he had incurred. To the contrary, the court's order expressly referenced the relative financial positions of the parties and acknowledged that Namba's monthly income was "partly offset by his monthly family support obligations" and attorney fees he had already been ordered to pay. That the court's order did not specifically identify Namba's other financial obligations does not mean that it failed to consider them. In the absence of evidence to the contrary, we assume that the court followed the law and considered all admissible evidence. (See Evid. Code, § 664; *McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1103.)

Second, Namba argues that the family court did not consider Yoo's ability to pay her own attorney fees and costs, including access to home equity. Again, absent evidence to the contrary, we assume that all admissible evidence was considered.

testified at that day's hearing. (See *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["We cannot presume error from an incomplete record"].)

[4] We do not consider any additional arguments that appear in the opening brief's statement of facts that are not set forth in the argument section under an appropriate heading. (See *Schaeffer Land Trust v. San Jose City Council* (1989) 215 Cal.App.3d 612, 619, fn. 2 ["We do not address claims interwoven in a statement of facts unless they are discussed under an appropriate heading"].)

Further, under section 2032, "the fact that a party requesting a fee award has resources to pay the party's own fees does not bar an order that the other party pay all or part of the fees requested[.]" (*Hearn, supra*, 94 Cal.App.5th at p. 394; see also *In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 111 ["By mandatory consideration of the parties' relative circumstances, section 2032 authorizes a need-based fee award even if [a party] could pay her own attorneys' fees"].)

Third, Namba contends that the family court failed to perform its own analysis prior to making its award of attorney fees and costs. Namba points to the court's statement in its November 1, 2023, minute order that a previous minute order from February 22, 2023, had already "discussed at length the authorities regarding awards of attorney's fees" and, therefore, that discussion would "not be repeated[.]" The court merely incorporated its prior discussion of legal authorities. Nothing in its statement indicates that it failed to analyze the evidence before it when ruling on the current request for attorney fees. Indeed, the November 1, 2023, minute order demonstrates that the court engaged in a thorough analysis of the relevant factors.

Fourth, Namba asserts that the family court failed to properly calculate the attorney fees and costs reasonably necessary to litigate the matter, arguing that unreasonable hours were claimed. But Namba ignores the court's reduction of Yoo's counsel's billing rate and its 33 percent reduction of the award as to the bulk of the hours. The court explained that these reductions were based on the nature of the work and the results achieved. The court "reviewed the billing statements and it appear[ed] that good timekeeping practices were followed[.]" The court also found the "output" of those hours to be "well done."

The court nevertheless concluded that a reduction was warranted because the "victory produced so little[.]"  Namba points to nothing unreasonable in the court's analysis.

## DISPOSITION

The order is affirmed.  Yoo is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
RICHARDSON


9