Filed 6/22/21  J.H. v. R.T. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| J.H.,<br><br>        Appellant,<br><br>    v.<br><br>R.T.,<br><br>        Respondent. | D077150<br><br><br><br>(Super. Ct. No. ED83431) |

APPEAL from an order of the Superior Court of San Diego County, Laura E. Duffy, Judge.  Affirmed.

J.H., in pro. per. for Appellant.

Victor Mordey for Respondent.


R.T. (Mother) is the custodial parent and J.H. (Father) is the noncustodial parent of minor O.H. (Child).  In the proceedings below, Mother requested permission from the family court to relocate out of state with Child.  After a hearing, the court granted Mother's request.

The court's move-away order states that the court read and considered the best interests of the child factors delineated in *In re Marriage of LaMusga*

(2004) 32 Cal.4th 1072. Then, it sets forth the following factual findings: (1) the "reason for the proposed move is for family support, financial opportunities, and … maternal grandmother offered a home in which [Child] will have his own bedroom;" (2) "[M]other has been the primary care taker;" (3) "There is a Restraining Order against [Father] protecting [Child];" (4) "The distance of the move is relatively short;" (5) "The minor child is 8 years old, and children that age are resilient to these types of change;" (6) "The relationship between [Mother] and [Father] is strained and distant;" and (7) "[Child] is too young for the Court to consider his wishes."  Based on these factual findings, the court determined the relocation was in Child's best interests and the court granted Mother's move-away request.

Father, appearing in propria persona, appeals the order granting the move-away request.[1]  He asserts, without citation to the appellate record, that he has "been in [his] sons [sic] life for all of his life," Mother has failed to ensure that Child receives court-ordered therapy services, Mother coerced Child into making false allegations of child abuse against Father, and Mother already moved out of state before requesting the move-away order at issue. Although Father's appellate brief is difficult to decipher, it appears he claims substantial evidence did not support the family court's factual findings and the court abused its discretion in granting the move-away request.

" '[A] judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown.  [Citation.]  "In the absence of

---

[1]     Father attached an unsigned minute order granting Mother's move-away request to his civil case information statement.  However, he also provided us with a copy of the subsequently-entered, signed order granting the move-away request.  We construe the appeal as taken from the signed order and, on that basis, we conclude we have appellate jurisdiction to consider the appeal.  (Cal. Rules of Court, rule 8.104(d); Code Civ. Proc., § 904.1, subd. (a)(14).)

a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. '[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' " [Citation.] ... " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " [Citation.] "Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]." ' " (*In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 311–312; see *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

We are mindful that Father is appearing in propria persona. However, "[a] self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) Thus, Father "is not exempt from the rules governing appeals," including the rules governing preparation of an adequate appellate record. (*Ibid.*; see *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 ["The same rules apply to a party appearing in propria persona as to any other party."].)

When Father completed the "Appellant's Notice Designating Record on Appeal" form, he checked the box indicating that he elected to proceed with a clerk's transcript for the appeal. The clerk's transcript included certain default documents such as the notice of appeal and the order subject to appeal. (Cal. Rules of Court, rule 8.122(b)(1).) Father also designated additional documents for inclusion in the clerk's transcript, namely prior custody and visitation orders. However, there is no indication in the record

3

that he designated Mother's move-away request or filings relating to her request for inclusion in the clerk's transcript. As a result, the clerk's transcript does not include the move-away request or any evidence filed in support of, or in opposition to, the request. Furthermore, Father has not provided us with any record of the move-away hearing, such as a reporter's transcript or a settled statement.

We discern no error on the face of the move-away order, which referenced the correct standards governing move-away requests. Insofar as Father challenges the sufficiency of the evidence supporting the family court's factual findings, we must presume the unreported hearing testimony demonstrates an absence of error. (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) Further, "[t]o the extent the [family] court relied on documents not before us, our review is hampered. We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.) Based on the limited appellate record before us, as well as the absence of any error on the face of the move-away order or the appellate record, we must conclude Father has failed to establish reversible error.

## DISPOSITION

The order is affirmed.  R.T. is entitled to her costs on appeal.


McCONNELL, P. J.

WE CONCUR:


AARON, J.


DATO, J.

5