Filed 7/14/22  K.B. v. J.E. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| K.B.,<br><br>        Appellant,<br><br>    v.<br><br>J.E.,<br><br>        Respondent. | D079057<br><br><br>(Super. Ct. No. 20DF000822C) |

APPEAL from an order of the Superior Court of San Diego County, Adam Wertheimer, Commissioner.  Affirmed.

K.B., in pro. per., for Appellant.

No appearance for Respondent.

I.

INTRODUCTION

Appellant K.B., proceeding in propria persona, appeals from an order of the trial court entered on February 2, 2021, in a family support matter. Respondent J.E. has not made an appearance in this court.

The trial court's order from which K.B. appeals states in relevant part:

"Father is entitled to an additional credit of $69.23 for the month of Dec. 2019.  The court reinstates the order that the remaining balance of spousal support will be paid interest free so long as the father pays $250 per month starting 2/1/2021.

"[¶] . . . [¶]

"Respondent owes petitioner the following amounts:

"Spousal Support arrears of $14,000.00 principal, $1281.41 interest through 12/31/20, and

"Child Support Arrears of $305.81 princ, $622.31 interest thru 12/31/20."[1]

K.B. argues that the trial court erred in not finding that J.E. failed to pay $400 a month " 'catch up' payments" that were to be paid to her for a 15-month period, between January 2020 and March 2021, and that the court therefore erred in failing to order that the $400 per month, plus 10 percent interest on that amount for the period the amount remained unpaid, was owed to her.

We begin by setting forth certain basic standards that are applicable to all appeals.  " '[A] judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown.  [Citation.]  "In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.  '[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' "  [Citation.] . . . " 'A necessary corollary to this rule is that if the record is

---

[1]     The dollar figures "$305.81" and "$622.31" are handwritten on the document and the commissioner's initials are placed below those handwritten amounts.

inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " [Citation.] "Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]." ' " (*In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 311–312; see *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

When K.B. completed the "Amended Appellant's Notice Designating Record on Appeal" form, she checked the box indicating that she was electing to proceed with a clerk's transcript for the appeal. A clerk's transcript automatically includes certain default documents, such as the notice of appeal and the order subject to appeal. (Cal. Rules of Court, rule 8.122(b)(1).) K.B. designated no additional documents for inclusion in the clerk's transcript.

In addition, K.B. has not provided us with any record of the hearing at which this issue was decided, such as a reporter's transcript or a settled statement. In her "Amended Appellant's Notice Designating Record on Appeal" form, K.B. marked a box next to language indicating that she was electing to proceed on appeal "WITHOUT a record of the oral proceedings (what was said at the hearing or trial) in the superior court. I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings."

As a result of the manner in which K.B. elected to proceed with respect to the record on appeal, the record contains neither the moving papers nor any indication of the nature of request that led to the order appealed. Instead, the limited record includes only the following documents: the trial court's order filed February 2, 2021; the Notice of Appeal; an Appellant's

3

Notice Designating Record on Appeal plus proof of service; an Amended Appellant's Notice Designating Record on Appeal plus proof of service; a printout of the "Register of Actions" in the trial court; and the "Clerk's Certificate" in which the Clerk of the Superior Court attests that the record provided is a "full, true and correct Clerk's Transcript on appeal"

We discern no obvious error on the face of the trial court's order from which K.B. appeals. Insofar as K.B. is raising an issue that concerns a factual determination—i.e., whether the interest that she claims is owed is, in fact, due—we must presume that other portions of the record in the trial court and/or the unreported hearing testimony would demonstrate the absence of error. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) "To the extent the [family] court relied on documents not before us, our review is hampered. We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.)

We are mindful that K.B. is appearing in propria persona. However, "[a] self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) Thus, K.B. is not exempt from application of the normal standards on appeal, including those that apply where a party has presented an inadequate appellate record. (*Ibid.*; see *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 ["The same rules apply to a party appearing in propria persona as to any other party"].)

Based on the limited appellate record before us, as well as the absence of any error discernable from the face of challenged order, we must conclude that K.B. has failed to establish reversible error.

IV.

DISPOSITION

The order of the trial court is affirmed.


AARON, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DATO, J.