Filed 10/23/24  Sobayo v. Nguyen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| NATHANIEL BASOLA SOBAYO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>HIEN THI NGUYEN et al.,<br><br>Defendants and Respondents. | H047498, H048780<br>(Santa Clara County<br>Super. Ct. No. 19CV342764) |

Representing himself, Nathaniel Basola Sobayo brings two appeals arising out of the same case in Santa Clara County Superior Court.  In that case, Sobayo filed a complaint alleging multiple causes of action against Hien Thi Nguyen, Hong Jacqueline Gardner, Avalon Nguyen Living Trust, and Robert Kingsbury Lane (collectively, respondents) arising from a dispute over agreements involving the purchase of property located in Richmond, California (Richmond Property).

In the first appeal (No. H047498), Sobayo appeals an order denying his application for an extension of time to file a petition for writ of mandate to challenge an order granting transfer of venue from Santa Clara County to Contra Costa County.  In the second appeal (No. H048780), he challenges a subsequent order dismissing his complaint.  Sobayo contends that the trial court erred in denying his request for an

extension of time and in dismissing the case (the orders which he appeals), and in issuing the underlying order granting the venue transfer.

For the reasons explained below, we determine that Sobayo has forfeited his contentions on appeal by failing to comply with the rules governing appellate practice and has not demonstrated any prejudicial error by the trial court. We affirm the challenged orders.

## I. FACTS AND PROCEDURAL BACKGROUND

A. *Facts*[1]

Sobayo and Gardner executed a joint venture agreement and Sobayo executed a deed of trust to Nguyen for the purpose of financing and completing the purchase of the Richmond Property.

B. *Procedural History*[2]

On February 19, 2019,[3] Sobayo filed in the Santa Clara County Superior Court a complaint against respondents alleging multiple causes of action, including negligence, breach of fiduciary duty, fraud, and breach of contract in connection with the purchase of and title to the Richmond Property. Sobayo sought, among other relief, to quiet title to the Richmond Property, declaratory relief regarding the validity of the documents signed

---

[1] We provide a brief summary of the relevant undisputed facts for context.

[2] In addition to the procedural history recounted *post*, the parties have been involved in bankruptcies related to the purchase of the Richmond Property. The parties have informed this court that bankruptcy proceedings have either been dismissed or do not include any stay of proceedings in this court. We note that, in the event of further bankruptcy filings by Sobayo as debtor, an automatic stay would not issue under chapter 11, section 362, subdivision (a)(1) of the Bankruptcy Code. "California decisional authority holds, based on the plain language of section 362(a)(1), the automatic stay is inapplicable to superior court actions initiated by the debtor." (*Shah v. Glendale Federal Bank* (1996) 44 Cal.App.4th 1371, 1375, italics omitted.) Likewise, "the automatic stay provision is inapplicable to an appeal, as here, commenced by debtor-plaintiffs. This is because the appeal is a continuation, within the meaning of [title 11 United States Code,] section 362(a)(1), of an action brought by the debtor; rather than against the debtor." (*Id.* at p. 1377, italics omitted.)

[3] Unless otherwise indicated, all dates were in 2019.

by the parties in connection with the purchase of the Richmond Property, injunctive relief preventing respondents from selling and attempting to sell the Richmond Property, damages, and costs. The summons indicated respondents had 30 calendar days from the date of service to respond. Sobayo served the summons and complaint on respondent Nguyen on April 15. The record does not contain proof of service of the summons or complaint on the other respondents.

On June 4, Nguyen and Lane filed a motion to change venue, requesting transfer from the Superior Court of Santa Clara County to the Superior Court of Contra Costa County.[4] In support of their motion, respondents argued that the Contra Costa County Superior Court dismissed with prejudice the "same lawsuit" on September 14, 2018, the Richmond Property is located in Contra Costa County, Lane's sole law office is located in Contra Costa County, and the sale of the Richmond Property took place in Martinez.

On July 12, Sobayo filed an opposition to respondents' motion to change venue. He argued that venue in Santa Clara County was proper because he accepted the joint venture agreement governing the financing of the purchase of the Richmond Property at his business address in Sunnyvale. He further argued that because he was asking the trial court to determine the amounts due respondents under the contract between the parties, the Richmond Property was "only incidental" to the causes of action and, thus, the property's location should not determine the proper venue for his complaint.

In reply, Nguyen and Lane reiterated the arguments in their moving papers and contended that Sobayo's argument that the joint venture agreement, not the Richmond Property, was the foundation of his claims "should be given no weight" because the Richmond Property was the primary focus of Sobayo's complaint and amended complaint.

---

**4** The proof of service of the motion and supporting documents on Sobayo is dated May 14.
On June 17, Gardner joined the motion to change venue.

On July 31, the trial court issued an order granting respondents' motion to transfer venue to the Superior Court of Contra Costa County. The court found that, because Sobayo's causes of action were related to the Richmond Property and his complaint sought to quiet title and obtain other real property remedies, the Richmond Property was not "incidental" to his claims. Since actions related to real property must be brought in the county where the property is located (Code Civ. Proc.,[5] § 392, subd. (a)), the court concluded that Sobayo had instituted his action in the incorrect county. The court awarded respondents attorney fees and stated that the transfer would occur after the time for filing a petition for writ of mandate expired pursuant to section 400, and "only after [Sobayo] has paid all associated fees," including the attorney fees, the transfer fee, and the filing fee. The court further stated that if Sobayo failed to pay the fees within the specified time, his case would be subject to dismissal (§ 399, subd. (a)). The order was served on the parties by mail on July 31. Respondents served a notice of entry of the order on Sobayo via mail on August 8.

The two appeals before us arise from this matter. It appears they were assigned different docket numbers in this court because one was subject to a stay that has since been vacated. On November 1, Sobayo appealed an October 29 order denying his request for an extension of time to file a petition for writ of mandate to challenge the trial court's order granting the venue transfer (case No. H047498). On January 14, 2020, this court stayed that appeal after receiving notice of Sobayo's filing for relief under chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. On October 5, 2020, this court vacated the automatic bankruptcy stay and reinstated case No. H047498 to active status. When the trial court subsequently dismissed Sobayo's case with prejudice on January 14, 2021, he separately appealed that order of dismissal (case No. H048780).

---

[5] All further unspecified statutory references are to the Code of Civil Procedure.

We provide more detail on the procedural background underlying each appeal.

1. Case No. H047498

On August 16, Sobayo filed in the trial court an ex parte application and motion requesting an extension of time to file a petition for writ of mandate to contest the court's order granting transfer of venue. He attached his draft petition for writ of mandate as an exhibit. The draft petition for writ of mandate used the heading "In the Court of Appeal of the State of California Sixth Appellate District, San Jose, California." (Some capitalization omitted.) The trial court granted Sobayo's request for an extension of time and extended the deadline to file the petition from August 26 to September 5.

On August 22, Sobayo requested from the clerk of the Superior Court of Santa Clara County supporting documents to be used as exhibits to his petition for writ of mandate. That same day, the clerk of the Superior Court of Santa Clara County requested guidance from a bench officer regarding Sobayo's petition for writ of mandate, which he had submitted to the clerk at the filing window. The court issued an order stating, "The case cannot be transferred to Contra Costa County until the petition is resolved. The court takes no position on whether the petition has been properly preserved a[nd] filed."[6]

On September 4, Sobayo filed an amended petition for writ of mandate and supporting memorandum of points and authorities in the Santa Clara County Superior Court, having first crossed out the heading referring to the Court of Appeal for the Sixth Appellate District in each document and replacing it with a reference to the "Superior Court of Santa Clara." Sobayo signed the amended petition on August 9 and the accompanying memorandum on August 23. The proof of service for Sobayo's petition for writ of mandate and the accompanying memorandum states that he caused the documents to be served on the trial court and the respondents on August 23.

---

[6] The same bench officer issued both this order and the previous order granting respondents' motion to transfer venue.

5

On September 18, Nguyen and Lane filed in Santa Clara County Superior Court a declaration in support of dismissal of the case seeking dismissal of the entire action consistent with the trial court's July 31 order. They argued that Sobayo had failed to pay any of the fees ordered by the trial court and failed to file a petition for writ of mandate with this court by the extended deadline. Nguyen and Lane reiterated these arguments in a case management statement filed on October 1. In his case management statement filed on October 18, Sobayo argued, without elaborating or citing to supporting legal authority, that the respondents' request for dismissal of his complaint was "totally illegal" and "must be denied f[or] all illegal reasons." The trial court held a case management conference on October 22.

On October 29, Sobayo filed in the Santa Clara County Superior Court a further ex parte application for an extension of time to file a petition for writ of mandate. In his declaration in support of his application, Sobayo asserted that, when he went to file his petition for writ of mandate on August 22, the clerk of the Appellate Division of the Santa Clara Superior Court instructed him to cross out " 'The Court of Appeal' " from the heading of his petition for writ of mandate and "write in its place, 'Superior Court.' " He further asserted that the register of actions said the petition for writ of mandate was submitted on August 22, and that he only found out that the petition should have been filed directly with the Sixth District Court of Appeal, not the appellate division of the superior court, when he attended the case management conference on October 22. Stating that his "filing with the [a]ppellate [d]ivision was done through [his] neglect, mistake or inadvertence, and partly due to a mistake of the [c]lerk of the [c]ourt," he sought additional time to file the petition with this court. He attached a completed memorandum in support of his petition for writ of mandate to his further application for an extension of time.

6

On October 29, the trial court denied Sobayo's application for an extension of time because "all deadlines" for filing the petition for writ of mandate had "already passed." Sobayo timely appealed this order, citing section 473, subdivision (b).[7]

### 2. Case No. H048780

On October 1, 2020, Lane filed a declaration in support of dismissal with prejudice. Lane referenced the trial court's July 31 order stating that the case was subject to dismissal if the required fees were not paid within the time specified in section 399, subdivision (a), and argued that the case should be dismissed with prejudice. The trial court set an order to show cause hearing regarding dismissal of the case pursuant to the trial court's order granting transfer of venue.

Sobayo filed an answer to the trial court's order to show cause. He argued that the mistaken filing of the petition for writ of mandate with the Santa Clara County Superior Court rather than with the Court of Appeal resulted from incorrect guidance from a superior court clerk. He claimed he was unable to pay the fees required by the trial court's July 31 order because his "only certain monthly income" is his social security income, which he maintained left him "below [the] federal poverty guideline." (Capitalization omitted.)

On January 14, 2021, the trial court held a hearing on the order to show cause and issued an order dismissing the case with prejudice. The court noted that Sobayo's answer and declaration in response to the order to show cause was "rambling and nonsensical," and "the declaration [was] procedurally, legally and substantively deficient."[8]

Sobayo timely appealed the trial court's order dismissing the case.

---

[7] Section 473 grants courts discretion to "relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).)

[8] In addition, in response to Sobayo's argument that the trial court's dismissal was premature in light of the pending appeal in case No. H047498, the court noted that no stay had been entered in case No. H047498.

This court consolidated the two appeals for purposes of record preparation, briefing, argument, and decision.

## II. DISCUSSION

Sobayo argues that the trial court committed prejudicial error in the orders issued in this case and asks that this court overturn them. He argues that the trial court erred in granting respondents' motion to transfer venue because the Richmond Property and its address "are merely incidental to the case" and his causes of action are focused on "the alleged violations of the laws by" respondents. He contends the trial court erred in granting respondents' motion because they defaulted on the case by not responding to his complaint until they filed the subject motion. He argues that the trial court erred in denying his application for an extension of time to file a petition for writ of mandate because his misfiling of the petition was due to incorrect instructions from a superior court clerk. He asserts that the trial court prematurely dismissed his case and is "illegally ignoring" the pending appeal of the denial of his application for additional time to file the petition for writ of mandate.

Respondents have not filed a response in this court to either of Sobayo's appeals.[9]

---

[9] Under these circumstances, we "independently examine the record and reverse only if prejudicial error is found." (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203; see also Cal. Rules of Court, rule 8.220(a)(2).) (All further unspecified rule references are to the California Rules of Court.) Because there is no respondent's brief, we will "decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Rule 8.220(a)(2).)

We have examined our jurisdiction. It appears that, after it dismissed the complaint with prejudice, the trial court did not subsequently enter a judgment. The California Supreme Court "has observed that it 'has long been the rule in this state that an order of dismissal is to be treated as a judgment for the purposes of taking an appeal when it finally disposes of the particular action and prevents further proceedings as effectually as would any formal judgment.' " (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 699; see also § 581d ["All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes."].) Because the trial court's

8

A. *Applicable Law*

Section 392 mandates that "the superior court in the county where the real property that is the subject of the action, or some part thereof, is situated, is the proper court for the trial of the following actions:  [¶]  (1) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of that right or interest, and for injuries to real property.  [¶]  (2) For the foreclosure of all liens and mortgages on real property."  (§ 392, subd. (a).)  "When the court designated in the complaint is not the proper court," the designated court "may, on motion, change the place of trial."  (§ 397, subd. (a).)

In the event the designated court grants a motion to transfer the venue, "the party aggrieved by the order may, within 20 days after service of a written notice of the order, petition the court of appeal for the district in which the court granting . . . the motion is situated for a writ of mandate requiring trial of the case in the proper court.  The superior court may, for good cause, and prior to the expiration of the initial 20-day period, extend the time for one additional period not to exceed 10 days.  The petitioner shall file a copy of the petition in the trial court immediately after the petition is filed in the court of appeal."  (§ 400.)

The clerk of the trial court will transfer the action or proceeding pursuant to the order granting the venue transfer motion "after expiration of the time within which a petition for writ of mandate could have been filed pursuant to [s]ection 400 . . . and upon payment of the costs and fees."  (§ 399, subd. (a).)  If the ordered "costs and fees are not paid within 30 days after service of notice of the transfer order, if a copy of a petition for writ of mandate pursuant to [s]ection 400 is filed in the trial court, or if an appeal is taken

order dismissing Sobayo's complaint with prejudice finally disposed of all the causes of action therein, we decide that the order in the case at bench is in legal effect a final judgment from which we have appellate jurisdiction over the challenged orders. (§§ 904.1, subd. (a), 906.)

9

pursuant to [s]ection 904.2, then, within 30 days after notice of finality of the order of transfer, the court on a duly noticed motion by any party may dismiss the action without prejudice to the cause on the condition that no other action on the cause may be commenced in another court before satisfaction of the court's order for costs and fees." (*Ibid.*)

B. *Standard of Review*

Well-established principles of appellate review guide our analysis. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As the appellant, Sobayo bears the burden of showing that the trial court committed an error that justifies reversal of the orders. (*Jameson*, at p. 609.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).) When an appellant asserts a point on appeal " 'but fails to support it with reasoned argument and citations to authority' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*)) or fails to support it with appropriate record citations (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887 (*Fink*); rule 8.204(a)(1)(C) [requiring parties to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"]), this court may treat the point as forfeited. We are not required to search the record for error ourselves (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*)), and "[w]e are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone & Fyke*).) In short, "conclusory claims of error will fail." (*S.C.*, at p. 408.)

10

In addition, an appellant must in his or her opening brief "[p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).) The appellant "must fairly set forth all the significant facts, not just those beneficial to the appellant." (*S.C.*, *supra*, 138 Cal.App.4th at p. 402.)

These requirements apply with equal force to parties representing themselves. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.)

C. *Analysis*

Sobayo argues on appeal that the evidence before the trial court did not support a transfer of venue. Although he maintains that he resides in Santa Clara County, he does not develop any cogent argument to explain how his residence in Santa Clara County establishes that county as the proper venue for his action arising from the purchase of property in Contra Costa County. Nor does he cite to any legal authority to support his argument. Similarly, despite his contention that the Richmond Property is "merely incidental" to his causes of action, he does not develop any argument—or cite to any supporting legal authority—explaining how the property is "merely incidental" to his claims or, if it is "merely incidental," how that characterization of the property impacts the analysis of the proper venue for his case. "Appellate briefs must provide argument and legal authority for the positions taken" (*Nelson*, *supra*, 172 Cal.App.4th at p. 862), and a party who claims the trial court erred may not "rest on the bare assertion of error but must present argument and legal authority on each point raised." (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649; see also *S.C.*, *supra*, 138 Cal.App.4th at p. 408 ["When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' "].)

Sobayo explains the lack of citations to case authority in his brief by stating that he "respectfully delegated to" this court the identification of case law, constitutional

11

provisions, statutory provisions, court rules, and other legal authority in support of his arguments "on the grounds that such legal research will be more the most competent legal research in support of [his] arguments." He reiterates that "[t]he determinations of laws that support [his] arguments in this appeal, has been respectfully delegated to this [] court as they relate to the facts" he presented. However, it is not our role to conduct research or construct legal arguments for the parties. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546 (*Mansell*); *id.* at p. 546 ["[I]t is not this court's function to serve as [appellant's] backup appellate counsel."]; see also *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 363 ["If a party's briefs do not provide legal argument and citation to authority on each point raised, ' "the court may treat it as waived, and pass it without consideration." ' "]; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["We are not required to examine undeveloped claims or to supply arguments for the litigants."].)

In addition, Sobayo asserts that respondents defaulted in the trial court by failing to respond to his complaint—which he contends he "filed and served[] about February 19"—until June 4, when respondents filed their motion to change venue. However, he does not cite to any evidence in the record in support of his assertion, and therefore we disregard it as unsupported. (See *S.C.*, *supra*, 138 Cal.App.4th at p. 406; *Fink*, *supra*, 25 Cal.3d at p. 888.)

Although "[w]e are not required to search the record to ascertain whether it contains support for [Sobayo]'s contentions" (*Mansell*, *supra*, 30 Cal.App.4th at p. 545), based on our review, the record does not support his claim of error. The record indicates that Sobayo served the documents on Nguyen on April 15 and that Nguyen and Lane served their motion to change venue on Sobayo on May 14. The record on appeal does not include proofs of service of the summons and complaint on Lane and Gardner. "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.)

12

Sobayo contends that the trial court erred in denying his application for an extension of time to file the petition for writ of mandate on the basis that the superior court's clerk informed him that the petition "must be filed in the [a]ppellate division of the same [s]uperior court of Santa Clara [County]." Sobayo does not cite to any evidence in the record in support of his assertion and, thus, has forfeited this contention. (See *Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5.) Moreover, the record before us does not contain any evidence that the superior court clerk instructed Sobayo in the manner he describes. When the clerk asked the trial court for guidance with respect to Sobayo's submission of a petition for writ of mandate at the clerk's window, the trial court took "no position on whether the petition has been properly preserved a[nd] filed."[10]

In addition, based on the facts as they appear in the record on appeal, the trial court did not err in granting respondents' motion for change of venue because the Richmond Property is located in Contra Costa County, the causes of action in Sobayo's complaint arise from transactions between Sobayo and the respondents directly related to the acquisition of and plans to sell the Richmond Property, and Sobayo sought to quiet title to the Richmond Property and obtain other relief specific to that property. (§ 392, subd. (a).) Sobayo has not demonstrated any prejudice, even assuming for the sake of argument that the trial court may have erred in its denial of Sobayo's application for an extension of time to file a petition for writ of mandate.

Sobayo argues the trial court order dismissing his case was premature and "illegally ignor[ed]" the pending appeal in case No. H047498. Here, too, he does not develop any coherent argument or cite to any legal authority in support of his claim of

---

[10] Section 400 requires the petitioner to "file a copy of the petition in the trial court immediately after the petition is filed in the court of appeal." The record does not suggest that the trial court could or should have known that Sobayo had not first filed the petition with the Court of Appeal.

13

error. Moreover, the trial court has discretion to dismiss his case for failure to pay the required fees within 30 days of service of its July 31 venue transfer order.[11] (§ 399, subd. (a).) Sobayo asserted that he is financially unable to pay the fees mandated by the trial court's July 31 order. However, Sobayo cites no facts in the record to support this contention and therefore has not met his burden of showing the trial court committed any error in dismissing his case.

For each of his allegations of judicial error, Sobayo fails to support his factual assertions with citations to admitted evidence in the record, develop his arguments using any meaningful legal analysis, and support such arguments with citations to legal authority. His briefing consists of a series of conclusory statements.

In summary, Sobayo has not carried his burden on appeal of showing prejudicial trial court error in the orders granting respondents' motion to transfer venue, denying Sobayo's request for an extension of time to file a petition for writ of mandate, and dismissing his case.

### III. DISPOSITION

The challenged orders are affirmed. As respondents have not appeared in this court, no costs are awarded on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

---

[11] Although section 399 authorizes the trial court to dismiss an action "without prejudice . . . on the condition that no other action on the cause may be commenced in another court" until the ordered costs and fees are paid (*id*., subd. (a)), the trial court's order here dismissed Sobayo's complaint "with prejudice." Sobayo does not specifically challenge this aspect of the dismissal order.

14

_____
                                    Danner, J.

WE CONCUR:




_____
Greenwood, P. J.




_____
Grover, J.




**H047498, H048780**
*Sobayo v. Nguyen et al.*