Filed 5/19/25  J.M. v. H.D. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| J.M., | D082804 |
| Appellant, | |
| v. | (Super. Ct. No. ED96442) |
| H. D., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Wendy M. Behan, Judge.  Affirmed.

J. M., in pro. per., for Appellant.

No appearance for Respondent.

J.M. (Father), a self-represented litigant, appeals an order renewing a domestic violence restraining order (renewed DVRO) against him.  The renewed DVRO, which was entered for a period of five years (expiring on September 7, 2028), is in favor of H.D. (Mother), who is his former girlfriend, as well as their minor son, her adult daughter, and the father of one of her children.  Father contends the court's order renewing the restraining order

was not supported by sufficient evidence of an ongoing threat or continued harassment. Mother has not filed a respondent's brief. We affirm the order.

## I.

## BACKGROUND

Father and Mother share one minor child, G.M. Mother filed a request for a DVRO against Father. Following a hearing on July 16, 2021, the court entered a two-year restraining order and awarded legal and primary physical custody to Mother.

After a hearing on September 7, 2023, the court renewed the DVRO for an additional five years. The transcript from this hearing is not part of the appellate record. However, a minute order from the hearing concluded that Mother "ha[d] shown by a preponderance of the evidence that she entertains reasonable apprehension of future abuse." The court explained that "[t]he underlying findings and facts supporting the issuance of the DVRO support its renewal." Additionally, the court found Mother's testimony to be credible. It further concluded Father violated the terms of the DVRO by disturbing Mother's peace. He specifically did so "[b]y sending messages to the doctor including negative comments about [Mother]" and "[s]ending text messages to [Mother's] son's phone directed at [Mother]." The court noted that disputes about child custody did not violate the DVRO.

## II.

## DISCUSSION

A.    *Legal Principles*

"We generally review an order denying a request to renew a DVRO for abuse of discretion." (*Michael M. v. Robin J.* (2023) 92 Cal.App.5th 170, 178 (*Michael M.*).) "We likewise review a trial court's failure to consider evidence

2

in issuing a DVRO for an abuse of discretion." (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 116.) " ' "To the extent that we are called upon to review the trial court's factual findings, we apply a substantial evidence standard of review." ' " (*Ibid.*)

B.    *Analysis*

Father presents three related challenges to the court's decision to renew the DVRO. First, he contends the trial court erred in renewing the DVRO without sufficient evidence of imminent harm. Second, he asserts that the court's decision was based on misleading and incomplete evidence. Finally, he argues the renewal of the DVRO was unwarranted without evidence of continuing threats.[1]

The renewed DVRO was entered on Mandatory Form DV-730, which cites for authority Family Code[2] section 6345. This section provides that "the personal conduct, stay-away, and residence exclusion orders contained in a court order issued after notice and a hearing under this article . . . may be renewed, upon the request of a party, either for five or more years, or permanently, at the discretion of the court, without a showing of further abuse since the issuance of the original order." (§ 6345, subd. (a).) In cases in which the restrained party appears and challenges the requested DVRO renewal, the "trial court should renew the protective order, if, and only if, it finds by a preponderance of the evidence that the protected party entertains a 'reasonable apprehension' of future abuse." (*Ritchie v. Konrad* (2004)

---

[1]    To the extent Father seeks in the instant appeal to challenge the original DVRO, he has not provided authority that would allow us to reconsider our earlier decision in *G.M v. H.D.* (Jun. 20, 2023, D079567) [nonpub. opn.].

[2]    Statutory references are to the Family Code unless otherwise specified.

115 Cal.App.4th 1275, 1290 (*Ritchie*).) "The statute defines 'abuse' broadly to include any behavior that could be enjoined under Family Code section 6320, such as harassing or disturbing the peace of the other party." (*Michael M., supra*, 92 Cal.App.5th at p. 179, citing § 6203, subd. (a).) Factors that may be relevant to whether a party has a "reasonable apprehension" of future abuse include: (1) the evidence and findings upon which the initial order was based; (2) any significant changes in the circumstances that justified the initial protective order; and (3) the burdens the protective order imposes on the restrained party. (*Ritchie, supra*, 115 Cal.App.4th at pp. 1290–1291.)

In *Ritchie*, the court expressly declined to adopt a requirement that a party seeking to renew a DVRO show that there is an " '*imminent and present* danger' the restrained party will commit future acts of abuse unless the protective order is renewed." (*Ritchie, supra*, 115 Cal.App.4th at p. 1288.) Thus, to the extent Father argues the court was required to satisfy this standard, his argument lacks merit. Furthermore, based on the court's statement in the minute order that Mother "ha[d] shown by a preponderance of the evidence that she entertains reasonable apprehension of future abuse," it appears the court applied the correct standard in reviewing Mother's request to renew the DVRO.

As to Father's remaining arguments that the court relied on misleading and incomplete evidence and failed to base its decision on evidence of an ongoing threat, Father has not provided a sufficient record on appeal to allow us to evaluate these claims.

According to Father, when Mother sought to renew her DVRO, she relied on messages that were taken out of context, including one in which he expressed concern to his son's doctor about the presence of a family member in Mother's household who he alleged had previously poisoned his son.

4

Father contends this message, which was intended to alert the doctor to danger, was mischaracterized as harassment. Yet, neither this message nor the transcript of the September 7, 2023 hearing are part of the appellate record.[3] Father also has not provided a settled statement.

As we explained in our prior decision involving these parties (*G.M v. H.D., supra*, D079567), an appellant's status as a pro. per. litigant does not exempt him or her from the rules of appellate procedure or relieve the burden on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) We treat pro. per. litigants like any other party, affording them " 'the same, but no greater consideration than other litigants and attorneys.' " (*Id.* at p. 1247.) "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal

---

[3] The only text message exchange included in the clerk's transcript appears to be between Mother and Father. It is attached to a declaration Father filed in August 2023, and is prefaced with the explanation, "Message sent in February of 2020[.] Message was sent with a broken screen. During first hearing only the top half of message was submitted. It's a complete defamation of a normal conversation." Given the timing and the fact that the text message exchange is attached to a notice about phone repair, we infer it is the message Father referenced in his opening brief, which, as he admits, was presented in part to the court as part of Mother's *original* DVRO application.

"In challenging a renewal order, the restrained party is not permitted 'to challenge the truth of the evidence and findings underlying the initial order[.]' " (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 333.) Father provides no argument as to why he has not forfeited consideration of this exchange by failing to object to Mother's evidence or to provide rebuttal evidence at the initial DVRO hearing. Accordingly, we will not consider it in the instant appeal of the order renewing the DVRO. (See *Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 785.)

of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) " 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Id.* at p. 609.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid.*)

Here, it is evident from the court's minute order that the court reviewed messages Father sent to G.M.'s doctor. It also appears the court either viewed text messages Father sent to their son's phone or heard testimony on this topic. We cannot assess the sufficiency of this evidence to support the court's decision, though, because none of this evidence is in the record presented with the appeal. Although Father lists as attachments to his opening brief "motion to introduce new evidence," "reporter's transcript from July 2021 hearing," and "full text message exchanges," none of these documents are attached. We also do not find a separately filed motion on the court's docket.

Nonetheless, Father requests in his briefing that we grant his motion to introduce new evidence, "including the daughter's conviction for poisoning my son, the reporter's transcript from the first hearing, and the full context of the messages cited as harassment." However, in addition to not providing this evidence, Father offers no legal support for his position. It is well established that "[t]he absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Additionally, it is not clear whether Father presented the evidence regarding Mother's daughter poisoning their son or the complete text messages to the trial court. To the extent Father is asking us to consider this

6

evidence for the first time on appeal, we deny his motion.  "As a general rule, documents not before the trial court cannot be included as a part of the record on appeal." (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1.)  " 'Although appellate courts are authorized to make findings of fact on appeal by Code of Civil Procedure section 909 and rule [8.252(b)] of the California Rules of Court, the authority should be exercised sparingly.' [Citation.]  *Absent exceptional circumstances, no such findings should be made.*" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)  "Reviewing courts have refused to consider new evidence . . . where '[n]o sound reason appears to explain why the evidence . . . " . . . was not produced or offered in the superior court." ' " (*Conservatorship of Hart* (1991) 228 Cal.App.3d 1244, 1257 quoting *Estate of Schluttig* (1950) 36 Cal.2d 416, 423.)  Here, Father has not provided any explanation for his failure to present this evidence to the trial court.  He also offers no explanation for why he did not include either transcript in the appellate record.  Accordingly, we conclude this is not one of the exceptional circumstances warranting consideration of new evidence on appeal.[4]

Absent a proper record, we cannot evaluate the evidence or reasoning of the trial court in renewing the DVRO.  (See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575 [concluding appellant must present an "adequate record" for review].)  Consequently, we must presume the evidence supports the court's findings and that its resulting order was proper based on those

---

[4]     Father filed two belated motions to augment the record on appeal—one the day before oral argument and one after the case had been submitted following oral argument.  We denied the first motion as untimely and because Father failed to attach the relevant documents as required by rule 8.155(a)(2) of the California Rules of Court.  His related motion to continue pending resolution of the augmentation request was denied from the bench.  We denied the second motion, which requested augmentation with transcripts not yet obtained from the superior court, as untimely.

findings. (*Jameson, supra*, 5 Cal.5th at p. 609; accord *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["To the extent the court relied on documents not before us, our review is hampered. We cannot presume error from an incomplete record"]; *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 ["if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"].)

Furthermore, no abuse of discretion is readily apparent in the minute order. "Abuse is not limited to the actual infliction of physical injury or assault" (§ 6203, subd. (b)) and may include indirectly contacting the protected party or "disturbing the peace of the other party." (§ 6320, subd. (a).) Disturbing one's peace "refers to conduct that, based on the totality of the circumstances, destroys the mental or emotional calm of the other party. This conduct may be committed directly or indirectly, including through the use of a third party, and by any method or through any means including, but not limited to, telephone, online accounts, text messages, internet-connected devices, or other electronic technologies." (§ 6320, subd. (c).) Sending messages to their son's doctor that included negative comments about Mother and sending text messages directed at Mother via their minor son could reasonably be found to destroy Mother's mental or emotional calm. Thus, on this record, the court could have found by a preponderance of the evidence that Mother entertained a reasonable apprehension of future abuse. (*Ritchie, supra*, 115 Cal.App.4th at p. 1290.)

In sum, because we are unable to fairly evaluate Father's contentions considering the inadequate record, we must affirm the order.

8

## DISPOSITION

The order is affirmed.  No costs are awarded because Mother did not file a brief on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


IRION, Acting P. J.

WE CONCUR:


BUCHANAN, J.


RUBIN, J.

9