Filed 12/15/25  Santa Clara County Dept. of Child Support Services v. Constantine CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>Respondent;<br><br>NATALIA SERGEYEVNA RODIK,<br><br>Respondent,<br><br>v.<br><br>PAUL DEAN CONSTANTINE,<br><br>Appellant. | H053200<br>(Santa Clara County<br>Super. Ct. No. 17CS001118) |

Appellant Paul Dean Constantine, representing himself, appeals from an order issued by the trial court on January 14, 2025 (order).  The court ordered Constantine to pay $791 per month in child support and to pay an estimated $17,085.53 in child support arrearages for a minor child he shares with Natalia Sergeyevna Rodik.

Constantine argues the trial court erred in calculating the amount of child support because it imputed income to him based on a "typographical

error" in his November 13, 2024 income and expense declaration (November 13 declaration) and failed to consider and acknowledge his unemployment status.

For the reasons stated below, we affirm the trial court's order.

## I. FACTS AND PROCEDURAL BACKGROUND

Constantine and Rodik are father and mother, respectively, to a minor child (child).

The record on appeal is sparse. The trial court's register of actions indicates that, on August 15, 2017, the Santa Clara County Department of Child Support Services filed a complaint against Constantine in connection with a judgment regarding "parental obligations."[1] (Italics omitted.) The register of actions also includes entries for a January 22, 2019 judgment, a February 13, 2019 notice of entry of judgment, and a February 14, 2019 amended judgment pertaining to parental relations and support. The register of actions includes a succession of entries for income and expense declarations filed by Constantine after the amended judgment and prior to the hearing that resulted in the order. These income and expense declarations include one filed by Constantine on November 13, 2024, which we presume to be the November 13 declaration he cites in his appellate briefing (discussed *post*). None of these documents appears in the record on appeal.

---

[1] Under Family Code section 17406, subdivision (a), "[i]n all actions involving paternity or support, . . . the local child support agency and the Attorney General represent the public interest in establishing, modifying, and enforcing support obligations."

After an uncontested hearing on December 2, 2024, for which neither parent was present,[2] the trial court issued on January 14, 2025, an order requiring Constantine to pay $791 in monthly child support beginning on September 1, 2024, and $17,085.53 in child support arrearages plus interest ($100 per month, beginning on December 1, 2024).  The court's order was based on findings set forth in a printout, entitled "Guideline Calculation Results Summary" and prepared by the Department of Child Support Services for the State of California's Health and Human Services Agency (printout), which sets forth, inter alia, Constantine's and Rodik's income, applicable deductions, and the percentage of time each parent spends with child.  The printout indicated Constantine, the noncustodial parent, had for the 2024 tax year a monthly gross income of $5,452.  It determined Constantine must pay $791 in child support.

## II.  DISCUSSION

On appeal, Constantine argues the trial court erred by (1) imputing to him income that was based on what he characterizes as a typographical error in the November 13 declaration, and (2) failing to consider and acknowledge the entry on his November 13 declaration that indicated he became unemployed on January 19, 2024.

The California Department of Child Support Services, as successor in interest to respondent Santa Clara County Department of Child Support Services,[3] filed a letter with this court in lieu of a respondent's brief.  The

---

[2] The trial court found Constantine to be "voluntarily absent" from the hearing.

[3] For purposes of this appeal only, the Santa Clara County Department of Child Support Services transferred its interest in the matter to the California Department of Child Support Services under Code of Civil Procedure section 368.5.  Under Code of Civil Procedure section 368.5, "[t]he action or proceeding may be continued in the name of the original party."

department stated that it had determined it would not file a respondent's brief in this matter. Rodik has not filed a response to Constantine's appeal.

### A. Legal Principles and Standard of Review

"Each parent has an 'equal responsibility' to support the parent's child. ([Fam. Code,[4]] § 3900.) Child support refers to 'a support obligation owing on behalf of a child' (§ 150) and includes 'past due support or arrearage when it exists.' " (*S.C. v. G.S.* (2019) 38 Cal.App.5th 591, 598 (*S.C.*).)

"Statutory guidelines regulate the determination of child support in California." (*In re Marriage of Schlafly* (2007) 149 Cal.App.4th 747, 753 (*Schlafly*), citing §§ 4050–4203; see also *In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1245.) "The guideline amount of child support, which is calculated by applying a mathematical formula to the relative incomes of the parents, is presumptively correct." (*Schlafly*, at p. 753; *McHugh*, at p. 1245.)

"A child support order is reviewed for an abuse of discretion. [Citations.] We determine 'whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion.' [Citation.] We do not substitute our own judgment for that of the trial court, but determine only if any judge reasonably could have made such an order." (*Schlafly, supra*, 149 Cal.App.4th at p. 753.)

Well-established principles of appellate review guide our analysis. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As the appellant, Constantine must show

---

[4] All further unspecified statutory references are to the Family Code.

4

that the trial court committed an error that justifies reversal of the child support order.  (*Jameson*, at p. 609.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error."  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).)  When an appellant asserts a point on appeal but fails to support it with appropriate record citations, this court may treat the point as forfeited.  (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887 (*Fink*); Cal. Rules of Court, rule 8.204(a)(1)(C) [requiring parties to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)  We are not required to search the record for error ourselves.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)  In short, "conclusory claims of error will fail."  (*S.C.*, at p. 408.)

These requirements also apply to parties representing themselves. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

*B. Analysis*

Although the record does not contain a copy of the judgment, we gather from the trial court's register of actions that the court entered judgment in the underlying proceedings on January 22, 2019, and amended the judgment on February 14, 2019.  Postjudgment orders relating to child support are appealable.  (Code Civ. Proc., § 904.1, subd. (a)(2) [order after judgment]; see also *S.C.*, *supra*, 38 Cal.App.5th at p. 597.)

Constantine asserts that the amount of total expenses claimed in his November 13 declaration was $10,452.  He maintains that the declaration contained a "typographical error" that stated the amount of such expenses paid by others was $5,000.  He asserts that the figure should have been

$10,452. He contends that, if the trial court had considered the correct figure together with the listed total expenses, the court would not have imputed income to him in the amount of $5,452.

In addition, Constantine asserts that his November 13 declaration stated that he had been unemployed since January 19, 2024. He contends the trial court should have discerned from that information that he had no income from any sources.

In support of his assertions on appeal, Constantine cites to the page in the trial court's register of actions indicating he had filed an income and expense declaration on November 13, 2024. The record on appeal does not contain a copy of Constantine's November 13 declaration.

To show the trial court erred, Constantine must provide a record that allows us to meaningfully review the challenged order. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*).) He has failed to do so. " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Ibid*.) "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.)

Constantine's arguments are predicated solely on a document not in the record. We therefore must disregard his arguments as unsupported (see *S.C.*, *supra*, 138 Cal.App.4th at p. 406; *Fink*, *supra*, 25 Cal.3d at p. 888) and affirm the trial court's order (*Foust*, *supra*, 198 Cal.App.4th at p. 187).

Furthermore, the trial court's order finds substantial support in the calculations and findings set forth in the printout. On the record before us, we discern no error and no abuse of discretion by the trial court.

## III.  DISPOSITION

The January 14, 2025 child support order is affirmed.  As respondents Santa Clara County Department of Child Support Services and Rodik have not appeared in this court, no costs are awarded on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Danner, J.

WE CONCUR:


_____

Greenwood, P. J.



_____

Bromberg, J.




**H053200**
*Santa Clara County DCSS v. Constantine*